UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH MONIQUE MCCRAY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CANYON CITY HALL, ET AL.,<br><br>Defendants. | No. 2:22–cv–01684–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

I.      Legal Standards

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

////

////

II.     Complaint

Plaintiff filed this § 1983 action against defendants City of American Canyon[2] and American Canyon Police Department, after an American Canyon Police Officer, Officer Solis, allegedly unlawfully seized plaintiff's vehicle. (ECF No. 1 at 4.) As best as the court can tell, plaintiff alleges numerous constitutional violations, malicious prosecution, conspiracy, violation of a criminal statute, 18 U.S.C. § 242, and deprivation of rights under color of law, against defendants City of American Canyon and American Canyon Police Department in their official capacities. (Id. at 8.) Plaintiff has not named Officer Solis (the agent who allegedly unlawfully seized her vehicle) as a defendant in this lawsuit. Plaintiff seeks five million dollars in damages. (Id. at 5.)

III.    Analysis

Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). Police departments are persons within the meaning of § 1983. Duarte v. City of Stockton, 60 F.4th 566 (9th Cir. 2023) ("municipal police departments in California 'can be sued in federal court for alleged civil rights violations'"). A municipality or (municipal entity) may not be vicariously liable under § 1983 for an injury caused by its employee or agent. Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 694 (1978). However, municipalities and their entities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly

---

[2] Plaintiff's complaint names American Canyon City Hall as a defendant in this lawsuit. Construed liberally, the court interprets plaintiff's complaint as suing the City of American Canyon.

3

1 represent official policy such that the challenged action constituted official policy; or (3) an
2 official with final policy-making authority "delegated that authority to, or ratified the decision of,
3 a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

4    Here, plaintiff alleges that American Canyon Police Department Officer Solis seized her
5 vehicle. (ECF No. 1 at 4.) Plaintiff's complaint does not allege a policy or custom, as is required
6 to establish a § 1983 claim against a municipal entity. Monell, 436 U.S. at 694. (holding
7 municipalities may be held liable as "persons" under § 1983 "when execution of a government's
8 policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be
9 said to represent official policy, inflicts the injury.") Accordingly, the court dismisses plaintiff's
10 claims for failure to state a claim against the two entity defendants in their official capacities.

11    Further, to the extent the complaint raises a claim for deprivation of rights under color of
12 law under 18 U.S.C. § 242, plaintiff, as a private citizen, has no authority to bring claims under
13 criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no
14 private right of action for violation of criminal statutes), see also Dowdell v. Sacramento Hous. &
15 Redevelopment Agency, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (no private right of
16 action under 18 U.S.C. § 1001). Thus, plaintiff's claim under 18 U.S.C. § 242 is dismissed.

17    IV.  Summary

18    In summary, the court dismisses plaintiff's complaint for failure to state a claim upon
19 which relief can be granted. Fed. R. Civ. P. 12(b)(6). In light of plaintiff's pro se status, the court
20 finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d
21 at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the
22 complaint and provide an opportunity to cure—if it appears at all possible the defects can be
23 corrected). The court notes that plaintiff may be attempting to assert constitutional claims against
24 Officer Solis. However, because plaintiff has not named Officer Solis as a defendant in this
25 action, the court has not analyzed whether plaintiff has stated a claim against him. If plaintiff
26 chooses to amend and chooses to name Officer Solis as a defendant, and plaintiff seeks money
27 damages, plaintiff will need to specify that the suit is brought in an "individual capacity," as
28 opposed to an "official capacity." See e.g., Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir.

2007) (holding the Eleventh Amendment bars damages actions against government officials in their official capacity).  Further, plaintiff will need to specify which rights of plaintiffs that Officer Solis is alleged to have violated, and provide a short description of the events that support any such claim(s).  Fed. R. Civ. P. 8.

### **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

  i.   be captioned "First Amended Complaint";
 ii.   be limited to 10 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 10-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii.   use numbered paragraphs;
iv.   set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
 v.   under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi.   include a general background facts section to orient the reader only as necessary;
vii.   include her statements for jurisdiction, venue, and relief sought as is necessary;
viii.   omit exhibits, documents, photos, or other such "evidence" of her claims (except for any contracts on which he bases any breach of contract claim);
ix.   refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
 x.   address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

////

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Plaintiff is granted 28 days from the date of this order and shall file either (a) an amended complaint in accordance with this order, OR (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: February 28, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mccr.1684